UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA,

v.

ANTONIO L. VENABLE,

Defendant.

Criminal Action No. 00-0038 (CKK)

**MEMORANDUM OPINION**
(February 21, 2006)

Due to the unusual circumstances of this case, which revolves around Defendant's alleged

violation of the terms of his supervised release with less than one (1) month left in his release period,

the Court is presented with three questions of first impression within this jurisdiction.  Specifically,

the Court must determine:

    1.      Does the issuance of a warrant for a violation of supervised release toll the period of
supervised release and/or ensure that the Court retains power to hold a hearing on the
violation ("HOV") after the expiration of the defendant's supervised release period?

    2.      Can the Government proceed with an HOV even though it has decided in its
discretion not to criminally prosecute the defendant for the conduct that is the sole
basis of the violation of his supervised release?

    3.      When the Government attempts to proceed with an HOV after choosing not to
criminally prosecute the defendant for the underlying conduct, does the Form 12A in
the United States Probation Office's petition become moot?  If so, is the defendant
denied the requisite notice that his conduct may have violated the conditions of his
supervised release?

Following determinations on January 9, 2006 and January 11, 2006 by the Magistrate Court

that (1) the Government may not proceed with an HOV in this case if it has chosen to dismiss

separate criminal charges against Defendant Antonio L. Venable ("Defendant"), and (2) the

dismissal of separate criminal charges moots the Probation Office's Form 12A and ends the Court's

jurisdiction over the conduct, the Government filed its "Objections to Magistrate Judge's Findings

Regarding Hearing on Violation" on January 24, 2006.  Defendant, in response, submitted its

"Objection and Opposition to Government's Filings of Objections to Magistrate Findings Regarding

Supervised Release" on February 7, 2006.  The Government then submitted its "Response to

Defendant's Objections to Government's Filings of Objections to Magistrate Findings Regarding

Supervised Release" on February 16, 2006.

Upon a consideration of these filings, the relevant case law, and the entire record herein, the

Court finds that:  (1) the issuance of a warrant for a violation of supervised release tolls the period

that the Court may hold an HOV, such that an HOV may be held after the technical expiration of a

defendant's supervised release; (2) given the different standards of proof involved, the Government

may proceed with an HOV despite choosing not to criminally prosecute the defendant for the

conduct at issue; and (3) the Probation Office's Petition and Memorandum, along with its Form

12A, contained sufficient descriptive information that Defendant was provided adequate notice that

his conduct could constitute a violation of the terms of his supervised release.  Because the Court

finds that the relevant documents are not moot and that it retains jurisdiction with respect to

Defendant's alleged violation of his supervised release, the Court shall set a date of March 2, 2006

at 10:00 a.m. before Judge Colleen Kollar-Kotelly in order to hold an HOV regarding Defendant's

alleged conduct on November 19, 2005.  Both parties should be prepared to present all appropriate

witnesses, including the arresting police officers, live at the hearing so that the Court may make a

fully informed decision as to the merits of Defendant's alleged violation.

## I: BACKGROUND

A.      *Defendant Allegedly Violates the Terms of His Supervised Release*

Defendant Antonio L. Venable was arrested on January 4, 2000 for Unlawful Possession of

a Firearm and Ammunition by a Person Previously Convicted of a Term of Imprisonment Exceeding

One Year, in violation of 18 U.S.C. § 922(g)(1).  Defendant's initial appearance was on January 5, 2000, and he was held without bond, after probable cause was shown in a preliminary hearing and a bond hearing, by Magistrate Judge Deborah A. Robinson ("Magistrate Judge Robinson") on January 19, 2000.  Defendant was convicted at trial, and on August 9, 2000, was sentenced to thirty-three (33) months incarceration, followed by three (3) years supervised release by this Court. Defendant's supervised release began on December 2, 2002, and was scheduled to expire on December 5, 2005.

While on supervised release, on November 19, 2005, Defendant was arrested by Metropolitan Police Department officers in front of 3831 9th Street, SE, Washington, D.C., at approximately 5:25 p.m.  On November 21, 2005, Defendant was charged by criminal complaint with Unlawful Possession of a Firearm and Ammunition by a Person Previously Convicted of a Term of Imprisonment Exceeding One Year, in violation of 18 U.S.C. § 922(g)(1), and Possession with Intent to Distribute Cocaine, in violation of 21 U.S.C. § 841, in Magistrate Criminal Case No. 05-0627M.  In Magistrate Criminal Action No. 05-0627M, Defendant was presented to Magistrate Judge Robinson on November 21, 2005, at which time the Government requested his detention pursuant to 18 U.S.C. § 3142(f)(1)(C) and 18 U.S.C. § 3142(d)(1)(A)(iii).  Magistrate Judge Robinson granted the Government's request, and continued the case for a consolidated preliminary and detention hearing on December 2, 2005.

In the interim, on November 29, 2005, a Memorandum and Request for Course of Action was filed by U.S. Probation Officer Matthew Warboys.  *See* Def.'s Opp'n to Gov't's Filing of Objections to Mag. Findings Re: Supervised Release ("Def.'s Opp'n"), Ex. 1 (Warboys Mem. & Req. for Course of Action).  Probation Officer Warboys' filing was accompanied by a Form 12A, which included the "Statement of Alleged Violations of Supervised Release."  *Id.* (Form 12A).  In

3

full, this Statement noted:

> Mr. Venable has engaged in new criminal conduct.  On November 19, 2005, Mr.
> Venable was arrested by the Metropolitan Police Department for the District of
> Columbia, and charged with one count of Unlawful Possession of a Firearm and
> Ammunition by a Person Convicted of a Crime Punishable by Imprisonment for a
> Term Exceeding One Year and one count of Possession With Intent to Distribute
> Cocaine Base, in the United States District Court for the District of Columbia, case
> number 05-627M.  (Standard Condition).

*Id*. (Form 12).  The accompanying Memorandum described this conduct in greater detail, stating:

> Mr. Venable has engaged in new criminal conduct . . . .
>
> According to the arrest report received from the Metropolitan Police Department, on
> November 19, 2005, at approximately 5:30 p.m., officers of the Metropolitan Police
> Department (MPD), were on patrol in the 3800 block of 9th Street SE, Washington,
> D.C., when they observed the defendant, Antonio Venable, reach into his pockets,
> empty the contents and walk away in the opposite direction of the officers.
>
> Mr. Venable was then apprehended and the area where he emptied his pockets was
> searched.  During the search, officers recovered a loaded Keltec 9mm handgun and a
> package wrapped with clear plastic containing a white rock-like substance.  Mr.
> Venable was then placed under arrest.  During a search incident to the arrest of Mr.
> Venable, officers recovered a ziplock containing a white rock-like substance and an
> addition six ziplocks containing a white rock-like substance, from his rear pants
> pocket.  The white rock-like substance tested positive for the presence of cocaine and
> had a preliminary weight of 11 grams.

*Id*. (Warboys Mem.) at 2.  Probation Officer Warboys' Memorandum concluded with a request that

this Court issue a warrant and lodge a detainer in this case, Criminal Action No. 00-0038.  *Id*. (Req.

for Course of Action).  This Court, on November 29, 2005, signed the Request for Course of Action,

further indicating that an HOV be set for December 2, 2005 – the date in which the consolidated

preliminary and detention hearing had been scheduled.  *Id*.

> B.      *Hearings Before the Magistrate Judges*

On December 2, 2005, this case – Criminal Action No. 00-0038, was called for a HOV

before Magistrate Judge Robinson.  *See* Gov't's Resp., Ex. 1 (12/2/05 Prelim. & Status Hrg. Tr.

before Mag. Judge Robinson).  However, given Defendant's November 19, 2005 arrest for possession of a firearm and possession with intent to distribute cocaine base, Magistrate Judge Robinson decided to continue the HOV until January 9, 2006.  *Id.*  Magistrate Judge Robinson then proceeded to hold the preliminary and detention hearing.  After hearing testimony from Metropolitan Police Department Officer Mark Harrison and argument from both parties, Magistrate Judge Robinson found probable cause for the charge of Unlawful Possession of a Firearm and Ammunition by a Person Previously Convicted of a Term of Imprisonment Exceeding One Year, in violation of 18 U.S.C. § 922(g)(1), but did not find probable cause for the charge of Possession with Intent to Distribute Cocaine, in violation of 21 U.S.C. § 841.  *Id.* at 41:5-9.  Counsel for Defendant, Assistant Federal Public Defender Dani Jahn ("AFPD Jahn") conceded detention because Probation Officer Warboys represented to her that a warrant and detainer had been signed by this Court and would be lodged in the NCIC database by the close of business on December 2, 2005.  *Id.* at 41:12-44:2. Defendant was then held without bond in his new case, Magistrate Criminal Action No. 05-0627M, and the case was bound over for grand jury action.

While this Court signed a warrant for Defendant on December 2, 2005, as represented at the hearing by Probation Officer Warboys, the warrant was not executed until December 5, 2005 – the last day of Defendant's supervised release term in this case, Criminal Action No. 00-0038.  *See* Gov't's Resp., Ex. 2 (12/5/05 Hrg. Tr. before Mag. Judge Facciola).  On December 16, 2005, the Government chose to dismiss Magistrate Criminal Action No. 05-0627M, and copies of the dismissal order signed by Magistrate Judge Alan Kay were faxed to the District of Columbia Jail ("D.C. Jail").  The following day – December 17, 2005 – Defendant was mistakenly released from the D.C. Jail despite the presence of an executed warrant in this case, Criminal Action No. 00-0038. On December 19, 2005, AFPD Jahn notified the Magistrate Court that Defendant had been

5

mistakenly released from the D.C. Jail, and requested that the matter be placed on the Magistrate

Judge's docket on December 20, 2005.

Defendant's case was called by Magistrate Judge John Facciola on December 20, 2005, and

it was confirmed that Magistrate Criminal Action No. 05-0627M had been dismissed by the

Government and signed by Magistrate Judge Kay on December 16, 2005.  Magistrate Judge

Facciola continued the issue of Defendant's status in the community regarding a HOV related to this

case, Criminal Action No. 00-0038, because he wanted to confer with this Court regarding who

should determine the matter.  As a result, Defendant was continued on release until the next court

date of December 22, 2005.

On December 22, 2005, Defendant's case was re-called by Magistrate Judge Facciola.  *See*

Def.'s Opp'n, Ex. 2 (12/22/05 Hrg. Tr. before Mag. Judge Facciola).  Magistrate Judge Facciola

began the hearing by announcing, "All right, as I promised, I spent some time thinking about this,

and also consulted with Judge Kollar-Kotelly.  She's first indicated that I am to make the

determinations in this case and I shall do so."  *Id*. at 2:7-10.  After being informed by the

Government that it was still proceeding with the HOV in this action, while not proceeding with the

separate criminal charges that had been at issue in Magistrate Criminal Action No. 05-0627M,

Magistrate Judge Facciola was then informed by AFPD Jahn that (1) this case was similar to

another matter before him, and (2) she had been contacted by members of the Internal Affairs

Division of the Metropolitan Police Department regarding these two matters.  *Id*. at 3:16-4:19.

Upon hearing of this connection, Magistrate Judge Facciola noted that another judge had

confronted the issue of "the existence of an investigation into the behavior of several police officers,"

and had granted a continuance in that case.  *Id*. at 5:10-18.  While the Government proffered that it

had no knowledge of such an investigation regarding the events of or officers involved in

Defendant's November 19, 2005 arrest, Magistrate Judge Facciola – perhaps with knowledge not necessarily reflected in the hearing transcript – concluded: "[E]ven a blind pig can dig up a truffle, and I think I know what's going on here, so here's my view of how we should proceed . . . . [S]omething's going on here under the surface, it's – as I say, we will see what we will see.  What I'm going to do now I think is, given these circumstances, I'm not going to incarcerate Mr. Venable."  *Id.* at 5:20-22, 6:5-8.  Magistrate Judge Facciola then continued this case for a HOV hearing before Magistrate Judge Robinson on January 9, 2006.  *Id.* at 6:16-19.  The hearing concluded with this exchange:

> AFPD Jahn:  Your Honor, if I could just confirm, too, that there are no – and I'm not sure what's in the record – that there are no detainers or open warrants or anything regarding all of the stuff with Mr. Venable, just to be very careful and clear that, in fact, the record is clear of that.

> Mag. Judge:  He's at liberty now . . . . To continue with the dog metaphor, why don't you let that sleeping one lie?

> \*        \*        \*        \*        \*        \*        \*        \*        \*        \*        \*        \*

> Probation:  Your Honor, we just want to make sure from a probation standpoint that Mr. Venable will still act under the conditions of supervised release.

> Mag. Judge:  Oh, no question.  Mr. Venable, you're still on supervised release, nothing's happened today to change that, so your obligations remain the same.  One of the reasons I'm doing this, Mr. Venable, because the Probation office has to report to Judge Kollar-Kotelly November 29th that you were employed, that you had completed a schedule of drug treatment, I believe . . . .

*Id.* at 7:4-10, 8:5-15.

C.       *The Magistrate Judge's Decision to Dismiss the Hearing on Violation*

At the hearing on January 9, 2006, Defendant's counsel, without prior notice to the Government, argued before Magistrate Judge Robinson that the Court lacked jurisdiction to proceed

with the HOV because Defendant's supervised release period had expired.  *See* Gov't's Resp., Ex. 3
(1/9/06 Hrg. Tr. before Mag. Judge Robinson) at 5:9-9:8.  More specifically, counsel's argument
was based upon the premise that on December 22, 2005, Magistrate Judge Facciola, in response to
her question about whether there were any outstanding warrants for Defendant, "quashed" all
warrants that may have been outstanding against her client.  *Id.*  Defendant contended that the
"quashing" of the warrant on December 22, 2005 caused the period of supervised release to run
again, and ultimately expire.  *Id.*  Accordingly, Defendant concluded that because the period of
supervised release had expired prior to January 9, 2006, the Court no longer had jurisdiction to hold
a HOV on January 9, 2006.  *Id.*  The Government responded by arguing that the filing of the
petition – i.e., the Probation Memorandum with the Form 12 – as well as the issuance and execution
of the warrant tolled the period of supervised release, regardless of whether Magistrate Judge
Facciola had "quashed" the warrant.  *Id.* at 19:6-21:16.  The Government further asserted that it
could proceed on the HOV regardless of whether it prosecuted Defendant in his new arrest case or
whether the Government dismissed the case.  *Id.*

Magistrate Judge Robinson, upon hearing these arguments, made a preliminary finding that
the Government could not proceed with the HOV if it dismissed the new arrest case, and indicated
that such an action by the Government would not be allowed.  *Id.* at 40:22-41:10.  Specifically,
Magistrate Judge Robinson concluded:

> . . . Put another way, the Court is satisfied that because this new case was dismissed
> by the Government, the Government cannot, in the somewhat pejorative words that
> the Court used, properly have it both ways.  That is, argue on one hand at a
> consolidated and preliminary hearing which, coincidentally, this Court conducted,
> that Mr. Venable poses a danger to the community, that there are presumptions that
> apply and he should be detained; and then barely one week later dismiss the charges
> and maintain, the following month, that the dismissal has no consequences, they can
> still seek to charge Mr. Venable another way with the same conduct.  This Court
> does not that that [sic] is conduct that should be countenanced or condoned, an this

Court does not intend to do so.

*Id*. Moreover, Magistrate Judge Robinson concluded that Defendant's supervised release period had expired, and that Defendant was no longer required to personally appear at further hearings or follow the previous terms of his release. *Id*. at 56:11-57:16.[1] However, given the lack of notice provided to the Government regarding this line of argument, Magistrate Judge Robinson held off making a final determination, and instead (1) required that the Government research and respond to whether the filing of a petition as opposed to a warrant tolls the period of supervised release, and (2) set a hearing for January 11, 2006 to conduct a further inquiry into the Court's jurisdiction. *Id*.

On January 11, 2006, the Government – as well as Probation Officer Warboys and his supervisor, Mr. Irvin Bell – presented argument to Magistrate Judge Robinson regarding whether the alleged "quashing" of the warrant on December 22, 2005 by Magistrate Judge Facciola vacated the Court's jurisdiction over Defendant's HOV. Def.'s Opp'n, Ex. 3 (1/11/06 Hrg. Tr. before Mag. Judge Robinson) at 1:16-40:24. The Government, as well as these representatives from the United States Probation Office, argued that no warrant existed that could be quashed on December 22, 2005, given the fact that the warrant regarding Defendant's alleged violation of supervised release was issued on December 2, 2005 and executed on December 5, 2005 – a fact not in dispute by any of the parties. *Id*. at 4:25-6:10. According to the Government, because the warrant was issued and executed by December 5, 2005, no warrant remained outstanding for Magistrate Judge Facciola to "quash" on December 22, 2005. *Id*. at 16:15-23; 24:16-26:17. The Government further argued

---

[1] The Government objected to Magistrate Judge Robinson's January 9, 2006 finding that Defendant (1) was no longer required to report to the Probation Office for supervision by Probation Officer Warboys, and (2) was not required to return to court for the continued hearing on January 11, 2006. *Id*. at 55:19-56:10. Magistrate Judge Robinson, over the Government's objection, released Defendant and only ordered the parties to report to court on January 11, 2006 at 11:00 a.m. *Id*. at 56:11-57:16.

that, pursuant to 18 U.S.C. § 3583(i), the issuance of the warrant alone preserves the power of the

Court to hold a HOV after the expiration of Defendant's supervised release period as long as it was

issued prior to the expiration of Defendant's supervised release period.  *Id.* at 14:6-16:9.[2]

After extensive argument regarding the jurisdictional issue, Magistrate Judge Robinson

determined that it was no longer considering a legal issue involving the jurisdiction of the Court, but

a factual issue surrounding the Form 12 filed by the Probation Office.  *Id.*  Magistrate Judge

Robinson made a factual finding that the Form 12 solely refers to Magistrate Criminal Action No.

05-0627M, whereby Defendant was arrested and "charged with one count of unlawful and one

count of possession with intent to distribute." *Id.* at 58.  Because Defendant is not currently charged

with those offenses and "the reason he is not charged with those offenses is that the Government

moved to dismiss them," *id.*, Magistrate Judge Robinson concluded that there was "simply nothing

on which to proceed," *id.* at 59.  Specifically, Magistrate Judge Robinson found that "the Form 12

filed has been rendered moot."  *Id.*  Accordingly, no Report and Recommendation was made by the

Magistrate Court, as Magistrate Judge Robinson concluded that no HOV was conducted by the

Court because the charging document that existed – the Form 12 – had been rendered moot by the

actions of the Government.  *Id.* at 61-62; *see also id.* at 59 (noting that "these findings on the record

will be the full extent of the findings of the Court").  Magistrate Judge Robinson concluded by

suggesting that if the Government wished to review her ruling, "then perhaps the vehicle by which to

---

[2] While contested by the Government, the Probation Office conceded that Defendant's
supervised release period had expired, arguing instead that the supervised release period continues to
run notwithstanding the issuance of a warrant for an alleged supervised release violation. *Id.* at 15,
42.  Under this reasoning, Defendant's term of supervised release expired on December 5, 2005 at
11:59 p.m. *Id.*  However, the Probation Office agreed with the Government that a HOV could be
held and Defendant penalized *after* the supervised release period ended, as long as a warrant for the
violation was issued during the supervised release period. *Id.*

do so is a motion for reconsideration." *Id.*

On January 24, 2006, the Government filed its "Objections to Magistrate Judge's Findings Regarding Hearing on Violation." The Government specifically objected to Magistrate Judge Robinson's findings regarding Defendant's HOV that (1) Form 12A is moot because the Government dismissed the criminal case which memorialized the conduct that is the subject of the Petition and Memorandum filed by the Probation Office on November 29, 2005; and (2) there is no need to decide the legal issue of whether the Court has jurisdiction to hold a HOV. *See* Gov't Objections at 6. Defendant filed an Opposition on February 7, 2006, contending that (1) the Government's motion should be couched in terms of a "Motion for Reconsideration" pursuant to Local Criminal Rule 57.19(b), and (2) supporting the Magistrate Judge's findings while noting the limited extent of her rulings. *See* Def.'s Opp'n at 7-9. The Government filed a Response on February 16, 2006, requesting that this Court deny Defendant's request to have the HOV "recommitted" to the Magistrate Court pursuant to Local Criminal Rule 57.19(c) and asking that this Court hold a hearing on the matter. *See* Gov't's Resp. at 1.

## II: LEGAL STANDARDS

Pursuant to Local Criminal Rule 57.19(a), a Magistrate Judge may conduct hearings, including evidentiary hearings, and submit to the United States District Court Judge proposed findings of fact and recommendations for the disposition of "applications for revocation of probation, in accordance with LCrR 57.1(c) of these Rules." LCrR 57.19(a)(3); *see also* LCrR 57.17(b)(1) ("At the request of the judge to whom the case is assigned, a magistrate judge shall have the duty and power to [c]onduct proceedings and enter orders or recommendations as described in LCrR 57.18 and LCrR 57.19 of these Rules."). Given the similarity between applications for revocation of probation and a hearing on violation relating to the conditions of supervised release, it

can be said in this case that this Court referred matters relating to Defendant's alleged violation of his supervised release to the Magistrate Court pursuant to Local Criminal Rule 57.19(a)(3). *See* Def.'s Opp'n, Ex. 2 (12/22/05 Hrg. Tr. before Mag. Judge Facciola) at 2:7-10 (Magistrate Judge Facciola indicates, "All right, as I promised, I spent some time thinking about this, and also consulted with Judge Kollar-Kotelly. She's first indicated that I am to make the determinations in this case and I shall do so.").

Once a Magistrate Judge makes findings and issues a report and recommendation relating to those findings, any party may file written objections to those proposed findings and recommendations within ten (10) days after being served with a copy thereof. *See* LCrR 57.19(b). Importantly, "[t]he objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for the objection." *Id.* In this case, Magistrate Judge Robinson chose not to prepare a report and recommendation regarding her January 9, 2006 and January 11, 2006 rulings that the Court lacked jurisdiction to hold a HOV relating to Defendant's alleged violation of his supervised release. *See* Def.'s Opp'n, Ex. 3 (1/11/06 Hrg. Tr. before Mag. Judge Robinson) at 61:20-21 ("There's no report and recommendation to be entered . . . ."). However, Magistrate Judge Robinson made it clear that her oral "findings on the record will be the full extent of the findings of the Court." *Id.* at 59:12-17 ("The Court will not enter any written finding, since there isn't a legal issue that I have resolved and it does not appear that a written memorandum on an issue such as this would serve any useful purpose. And accordingly, these findings on the record will be the full extent of the findings of the Court.").

Pursuant to Local Criminal Rule 57.19(b), the Government, on January 24, 2006, timely filed a pleading stating its objections to the Magistrate Court's findings. *See* LCrR 57.19(b) (giving any party ten (10) days to file written objections to the magistrate judge's proposed findings); Fed.

R. Crim. P. 45(a)(2) ("Exclude intermediate Saturdays, Sundays, and legal holidays when the period is less than 11 days.").[3]  Upon an objection, the United States District Court Judge "shall make a de novo determination of those portions of a magistrate judge's findings and recommendations to which objection is made as provided in paragraph (b)."  LCrR 57.19(c).  The District Court Judge "may make a determination based solely on the record developed before the magistrate judge, or may conduct a new hearing and receive further evidence."  *Id*.  Upon a review of the expansive record developed at the magistrate level in this matter, the Court concludes that no further hearing regarding the present legal and factual issues is necessary.  Accordingly, the Court shall deny the Government's request that this Court hold "a *de novo* hearing on its objections and a hearing on violation."  Gov't Resp. at 6.  Instead, pursuant to Local Criminal Rule 57.19(c), the Court shall "accept, reject, or modify, in whole or in part, the findings and recommendations of the magistrate judge, or may recommit the matter to the magistrate judge with instructions."

### III: DISCUSSION

As noted previously, the Court is currently faced with three major questions regarding (1) the tolling impact of a warrant issued for a violation of supervised release; (2) the ability of the Government to proceed with an HOV despite dismissing criminal charges relating to the underlying conduct at issue; and (3) the impact that dismissal of such criminal charges has on the Form 12A and overall notice provided to Defendant.  The Court shall deal with each issue in turn.

---

[3] Pursuant to Federal Rule of Criminal Procedure 45(a)(1), courts are to "[e]xclude the day of the act, event, or default that begins the period."  Rule 45(a)(4)(A)(ii) provides that Martin Luther King, Jr.'s Birthday, which occurred on Monday, January 16, 2006, is a "legal holiday" that must be excluded from the computation of time pursuant to Rule 45(a)(2).  As such, the Government submitted its Objections eight (8) official days after its receipt of Magistrate Judge Robinson's oral ruling on January 11, 2006 – well within the ten (10) day time limit set out in Local Criminal Rule 57.19(b).

A.        *The Tolling Impact of a Warrant for a Violation of Supervised Release*

In this case, it is undisputed that the alleged conduct at issue occurred on Saturday,

November 19, 2005, approximately two weeks prior to the expiration of Defendant's supervised

release in this case, Criminal Action No. 00-0038, which was scheduled to end on Monday,

December 5, 2005 at 11:59 p.m.  Following this Court's November 29, 2005 signing of the

Probation Office's "Memorandum and Request for Course of Action," a warrant was signed by this

Court and issued to detain Defendant in the D.C. Jail on December 2, 2005 – three days prior to the

expiration of Defendant's term of supervised release.  For reasons not entirely clear, the warrant was

not executed until December 5, 2005 – the last day of Defendant's supervised release term in this

case.  *See* Gov't's Resp., Ex. 2 (12/5/05 Hrg. Tr. before Mag. Judge Facciola).

Importantly, 18 U.S.C. § 3583(i) – Delayed Revocation – provides:

> The power of the court to revoke a term of supervised release for violation of a
> condition of supervised release, and to order the defendant to serve a term of
> imprisonment and, subject to the limitations in subsection (h), a further term of
> supervised release, extends beyond the expiration of the term of supervised release
> for any period necessary for the adjudication of matters arising before its expiration
> if, before its expiration, a warrant or summons has been issued on the basis of an
> allegation of such violation.

18 U.S.C. § 3583(i) (2005).  It is clear that when no summons or warrant are issued, or the issuance

occurs after the expiration of the supervised release term, no tolling effect occurs and a court does

not have jurisdiction to hold a hearing relating to a violation that occurred within the term.  *See*

*United States v. Hazel*, 106 F. Supp. 2d 14, 15 (D.D.C. 2000) (court lacked jurisdiction to hold

HOV when hearing was continued after the expiration of the supervised release term because no

warrants or summonses were issued); *United States v. Rivard*, 127 F. Supp. 2d 512, 514-16 (D.Vt.

2000) (no jurisdiction to hold an HOV after the period of supervised release where the summons

was issued after the expiration of the supervised release term); *United States v. Crusco*, Crim. No.

90-945(JES), 2000 WL 776906, at *2 (S.D.N.Y. June 15, 2000) (no authority to hold an HOV

after the expiration of the supervised release term when the issuance of a summons was authorized

but no steps were taken to obtain or issue the summons within the release period).

Given the facts agreed upon by all parties, this case clearly falls outside the purview of cases

where no summons or warrants were issued, or the issuance occurred outside of the supervised

release term.  Instead, it is plain that a warrant was issued and executed within Defendant's

supervised release term relating to a potential violation of the terms of his supervised release and an

HOV was set by the Magistrate Court (although the actual hearing was scheduled for a date outside

of the supervised release term).  While Defendant has previously argued that this warrant was

somehow "quashed" by Magistrate Judge Facciola on December 22, 2005, *see* Gov't's Resp., Ex. 3

(1/9/06 Hrg. Tr. before Mag. Judge Robinson) at 5:9-9:8, two problems exist with this reasoning:

(1) the warrant had already been issued on December 2, 2005, and executed on December 5, 2005,

and Magistrate Judge Facciola therefore had no authority to "quash" the relevant warrant on

December 22, 2005; and (2) a review of the December 22, 2005 Hearing Transcript indicates that

Magistrate Judge Facciola decided simply to allow Defendant to remain in the community rather

than detain him on the applicable warrant, *see* Def.'s Opp'n, Ex. 2 (12/22/05 Hrg. Tr. before Mag.

Judge Facciola) at 7:4-10, 8:5-15.  Indeed, Magistrate Judge Facciola, by indicating that Defendant

was "still on supervised release" and was to appear before Magistrate Judge Robinson for an HOV

on January 9, 2006, was obviously of the belief that no such "quashing" had occurred.[4]

---

[4] Indeed, a reading of the record indicates that Magistrate Judge Facciola was aware that the
warrant had been executed and automatically quashed on December 5, 2005.  Given this
knowledge, a much more plausible reading of his exchange with AFPD Jahn on December 22, 2005
suggests that Magistrate Judge Facciola simply wanted to put his decision to keep Defendant in the
community on the record such that Defendant would not run the risk of being re-arrested before the
scheduled HOV on the old warrant if the NCIC system had not been updated.

As such, this case falls within the plain language purview of 18 U.S.C. § 3583(i).  Because "before [the supervised release term's] expiration, a warrant or summons has been issued on the basis of an allegation of such violation," Defendant's supervised release in this matter "extends beyond the expiration of the term of supervised release for any period reasonably necessary for the adjudication of matters arising before its expiration."  18 U.S.C. § 3583(i); *cf. United States v. Gomez Santiago*, Crim. No. 93-0176(CCC), 2004 WL 329309, at *2 (D. Puerto Rico Feb. 5, 2004) (affirmative action in the form of an issuance of summons or warrant of arrest within the constraints of the supervised release term is required to toll the term).  Accordingly, the Court finds that it retains jurisdiction to hold an HOV relating to Defendant's new criminal conduct alleged in the Memorandum and Form 12A filed by the Probation Office on November 29, 2005, which was the subject of the warrant issued on December 2, 2005 and executed on December 5, 2005 – within the supervised release term.  Correspondingly, Defendant's period of supervised release in this matter shall continue to the date of the HOV, pursuant to 18 U.S.C. § 3583(i).

   B.   *The Government's Ability to Proceed With an HOV Despite Dismissing Separate Criminal Charges for the Same Conduct*

   In this case, Magistrate Judge Robinson made the preliminary finding on January 9, 2006, that the Government could not proceed with an HOV relating to criminal conduct for which it had initially brought separate charges but then decided to dismiss the separate criminal action.  Specifically, she held that:

> . . . Put another way, the Court is satisfied that because this new case was dismissed by the Government, the Government cannot, in the somewhat pejorative words that the Court used, properly have it both ways.  That is, argue on one hand at a consolidated and preliminary hearing which, coincidentally, this Court conducted, that Mr. Venable poses a danger to the community, that there are presumptions that apply and he should be detained; and then barely one week later dismiss the charges and maintain, the following month, that the dismissal has no consequences, they can still seek to charge Mr. Venable another way with the same conduct.  This Court

> does not that that [sic] is conduct that should be countenanced or condoned, an this
> Court does not intend to do so.

Gov't's Resp., Ex. 3 (1/9/06 Hrg. Tr. before Mag. Judge Robinson) at 40:22-41:10.  Upon a review

of the relevant case law and legal standards, the Court finds this ruling to be erroneous, and holds

that the Government may proceed with an HOV despite dismissing separate criminal charges

relating to the underlying conduct.

First, despite the Government's decision on December 16, 2005 to dismiss the pending

criminal charges against Defendant in Magistrate Criminal Action No. 05-0627M, Unlawful

Possession of a Firearm and Ammunition by a Person Previously Convicted of a Term of

Imprisonment Exceeding One Year, in violation of 18 U.S.C. § 922(g)(1), and Possession with

Intent to Distribute Cocaine, in violation of 21 U.S.C. § 841, jeopardy did not attach such that

Defendant could not face detention for the underlying conduct.  Importantly, dismissal of an

indictment before trial, with or without prejudice, does not invoke jeopardy where it does not

involve a determination of the underlying facts.  *See United States v. Lindsey*, 47 F.3d 440, 444

(D.C. Cir. 1995), *vacated on other grounds sub nom.*, *Robinson v. United States*, 516 U.S. 1023,

116 S.Ct. 665, 133 L.Ed.2d 516 (1995) (citing *United States v. Stricklin*, 591 F.2d 1112, 1120

(5th Cir. 1979), *cert. denied*, 444 U.S. 963, 100 S.Ct. 449, 62 L.Ed.2d 375 (1979)).  For double

jeopardy purposes, a dismissal is an acquittal "on when the ruling of the judge, whatever its label,

actually represents a resolution in the defendant's favor, correct or not, of some or all of the factual

elements of the offense charged."  *United States v. Scott*, 437 U.S. 82, 97, 98 S.Ct. 2187, 57

L.Ed.2d 65 (1978) (internal citation and quotation marks omitted); *cf. Lindsey*, 47 F.3d at 444

(jeopardy never attached in the first proceeding where the defendant's case was dismissed before a

jury was empaneled and sworn).  Accordingly, to the extent that an HOV in this case represents

17

"jeopardy" to Defendant for the purposes of the Fifth Amendment, the dismissal of separate criminal charges relating to the conduct at issue does not bar the Court's consideration of that conduct in this matter.

Second, the Government's decision to prosecute Defendant in a criminal case that would lead to a criminal trial is wholly separate from its decision and ability under the law to proceed against Defendant in an HOV with respect to the conditions of his supervised release. Rather, the relevant statutes and case law envision this very circumstance because the standard of proof for the two proceedings – i.e., an HOV and a criminal trial – are completely different. In contrast to a criminal conviction, which requires both that the conduct actually be *criminal* and established beyond a reasonable doubt, for the purposes of revocation of supervised release, "the violative conduct need not be criminal and need only be found by a judge under a preponderance of the evidence standard[.]" *Johnson v. United States*, 529 U.S. 694, 700, 120 S.Ct. 1795, 146 L.Ed.2d 727 (2000) (citing 18 U.S.C. § 3583(e)(3) (1988 ed., Supp. V)); *see also United States v. Gordon*, 961 F.2d 426, 429 (3d Cir. 1992) (indicating that defendant need not be formally charged or convicted of drug possession for the conduct to be considered at a probation revocation hearing); *United States v. Chambers*, 429 F.2d 410, 411 (3d Cir. 1970) (observing that probation may be revoked on the basis of conduct which falls short of criminal conduct, and revoking defendant's probation despite defendant's acquittal of the state charges underlying the revocation); *United States v. Markovich*, 348 F.2d 238, 240 (2d Cir. 1965) ("Probation may be revoked when the judge is satisfied that a state or federal law has been violated, and conviction is not a prerequisite. Moreover, if a criminal prosecution has been started based upon probationer's conduct[,] the probation court need not await conclusion of those proceedings.") (citations omitted); *United States v. McNickles*, 948 F. Supp. 345, 350 (D.Del. 1996) (finding that "[a] violation of supervised release does not

18

require a criminal conviction," and that – given the differences in the applicable burdens of proof –

defendant have supervised release revoked despite state acquittal on underlying charges).

Accordingly, despite the fact that Defendant has not been convicted of unlawful possession

of a firearm or possession with the intent to distribute cocaine and related charges have actually been

dismissed, the Court may still consider Defendant's conduct of November 19, 2005 in an HOV

regarding whether Defendant's supervised release should be revoked and Defendant re-incarcerated.

*See United States v. Meeks*, 25 F.3d 1117, 1122 (2d Cir. 1994) ("because a revocation proceeding

is not a proceeding designed to punish a criminal defendant for violation of a criminal law, the

defendant may be both punished for the supervised-release violation and prosecuted criminally for

the same conduct"); *Standlee v. Rhay*, 557 F.2d 1303, 1305-07 (9th Cir. 1977) (Double Jeopardy

Clause does not prevent parole board's finding of guilt following an acquittal in criminal

prosecution); *United States v. McCaskill*, 378 F. Supp. 2d 114, 118 (E.D.N.Y. 2005) ("even if the

grand jury had voted a dismissal of all state charges, such a dismissal would not preclude this

court's finding of guilt for violations of supervised release conditions premised on the same set of

facts"); *United States ex rel. Carrasquillo v. Thomas*, 527 F. Supp. 1105 (S.D.N.Y. 1981), *aff'd*,

677 F.2d 225 (2d Cir. 1982) (dismissed indictment does not bar parole revocation proceedings

based on same allegations); *see also* U.S. Sentencing Comm'n Guidelines Manual, Section 7B1.2,

Commentary Application Note 1 (November 1, 2005) ("A violation of this condition may be

charged whether or not the defendant has been the subject of a separate federal, state, or local

prosecution for such conduct.  The grade of violation does not depend upon the conduct that is the

subject of criminal charges or of which the defendant is convicted in a criminal proceeding.  Rather

the grade of the violation is to be based on the defendant's actual conduct.").  Ultimately, a federal

court's decision to proceed with an HOV is not contingent upon the conclusion of pending criminal

proceedings, and the Government's decision to dismiss such proceedings has no impact on its ability

to proceed with an HOV.  The Court may consider the underlying conduct irrespective of the

criminal process for the purposes of determining a violation of Defendant's supervised release

conditions.  However, the Court must now turn to the impact of the Government's decision to

dismiss Magistrate Criminal Action No. 05-0627M on the Form 12A and notice provided to

Defendant.

      C.     *The Impact of the Criminal Dismissal on the Notice Provided to Defendant*

In her January 11, 2006 ruling, Magistrate Judge Robinson found that the Government's

dismissal of the criminal charges against Defendant in Magistrate Criminal Action No. 05-0627M

negated the Court's jurisdiction to hold an HOV in this case, as the Form 12A provided to

Defendant was simply a recital of the charges in Magistrate Criminal Action No. 05-0627M and

therefore moot.  *See* Def.'s Opp'n, Ex. 3 (1/11/06 Hrg. Tr. before Mag. Judge Robinson) at 58-59.

Essentially, Magistrate Judge Robinson held that, given the mootness of the Form 12A, Defendant

was provided insufficient notice as to the alleged violation.  *Id.*

As noted previously, the November 29, 2005 Form 12A stated:

> Mr. Venable has engaged in new criminal conduct.  On November 19, 2005, Mr.
> Venable was arrested by the Metropolitan Police Department for the District of
> Columbia, and charged with one count of Unlawful Possession of a Firearm and
> Ammunition by a Person Convicted of a Crime Punishable by Imprisonment for a
> Term Exceeding One Year and one count of Possession With Intent to Distribute
> Cocaine Base, in the United States District Court for the District of Columbia, case
> number 05-627M.  (Standard Condition).

Def.'s Opp'n, Ex. 1 (Form 12).  The accompanying Memorandum described this conduct in greater

detail, stating:

> Mr. Venable has engaged in new criminal conduct . . . .

> According to the arrest report received from the Metropolitan Police Department, on

November 19, 2005, at approximately 5:30 p.m., officers of the Metropolitan Police
Department (MPD), were on patrol in the 3800 block of 9th Street SE, Washington,
D.C., when they observed the defendant, Antonio Venable, reach into his pockets,
empty the contents and walk away in the opposite direction of the officers.

Mr. Venable was then apprehended and the area where he emptied his pockets was
searched.  During the search, officers recovered a loaded Keltec 9mm handgun and a
package wrapped with clear plastic containing a white rock-like substance.  Mr.
Venable was then placed under arrest.  During a search incident to the arrest of Mr.
Venable, officers recovered a ziplock containing a white rock-like substance and an
addition six ziplocks containing a white rock-like substance, from his rear pants
pocket.  The white rock-like substance tested positive for the presence of cocaine and
had a preliminary weight of 11 grams.

*Id.* (Warboys Mem.) at 2.

In *Morrissey v. Brewer*, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972), the United

States Supreme Court held that adequate notice is required in a probation revocation hearing.  *Id.* at

488-89, 92 S.Ct. 2593.  Federal Rule of Criminal Procedure 32.1(b)(2)(A) codifies this ruling, and

also requires that the Defendant be given written notice of the alleged violation.  It is uncontested

that Defendant was provided written notice of the alleged violation that was the subject of his HOV,

and that this information was reaffirmed at the December 2, 2005 hearing before Magistrate Judge

Robinson and the December 5, 2005 hearing before Magistrate Judge Facciola.

As the Second Circuit has held,

Due process requires, *inter alia*, that a defendant charged with violating a condition
of supervised release be afforded notice of the charges against him before the court
may revoke his supervised release.  The notice must be sufficient to allow the
releasee to prepare to defend against the charges.  We would regard a petition
asserting a violation of the supervised release requirement that the releasee not
commit any new crime as providing adequate notice in accordance with Fed. R.
Crim. P. 32(b)(2)(A) and the Constitution if it identifies the no-further-crime
condition and the condition allegedly violated, identifies the crime allegedly
committed, and contains a description of the basic facts underlying the new criminal
charge, including the approximate dates of the events, the location at which they
occurred, and the individuals involved.

*United States v. Chatelain*, 360 F.3d 114, 121 (2d Cir. 2004) (citations omitted).  Here, Defendant

21

received a Probation Office Memorandum dated November 29, 2005, along with a Form 12A, that stated the condition which the defendant violated, and gave substantial details regarding the criminal conduct that supports the violation by stating the date, time, location, and specific facts related to the criminal conduct.  While the criminal charges described in the Form 12A were ultimately dismissed, the Memorandum and accompanying Form 12 still described the underlying events and conduct at issue in the requisite detail to provide adequate notice.  *See id.* at 122 (finding that defendant received adequate notice because he received memoranda in support of the probation office's petition which specifically alleged the conduct); *United States v. Flynn*, 844 F. Supp. 856, 859 (D.N.H. 1994) (defendant "received adequate written notice of his alleged violations in the form of the Petition on Probation and Supervised Release . . . and the Government's Brief re: Probation Revocation Hearing").  Consequently, Defendant's due process rights afforded to him by Federal Rule of Criminal Procedure 32.1(b)(2)(A) and the Fourteenth Amendment of the United States Constitution have not been violated by the dismissal of the separate criminal charges against him and the alleged "voiding" of the Form 12A.  Because Defendant received adequate notice, an HOV relating to his alleged conduct on November 19, 2005 may still be held in this case.

## IV: CONCLUSION

For the reasons set forth above, the Court finds that (1) the issuance of a warrant against Defendant for a violation of his supervised release tolled the period that the Court may hold an HOV, such that an HOV may be held after the technical expiration of a defendant's supervised release; (2) given the different standards of proof involved, the Government may proceed with an HOV despite choosing not to criminally prosecute the defendant for the conduct at issue; and (3) the Probation Office's Petition and Memorandum, along with its Form 12A, contained sufficient descriptive information that Defendant was provided adequate notice that his conduct could

constitute a violation of the terms of his supervised release.  As such, the Court shall set an HOV in

this action for March 2, 2006 at 10:00 a.m. before Judge Colleen Kollar-Kotelly.  Both parties

should be prepared to present all appropriate witnesses, including the arresting police officers, live at

the hearing so that the Court may make a fully informed decision as to the merits of Defendant's

alleged violation.


Date:   February 21, 2006


_____/s/_____

COLLEEN KOLLAR-KOTELLY
United States District Judge